1  STAN S. MALLISON (Bar No. 184191)
       StanM@TheMMLawFirm.com
2  HECTOR R. MARTINEZ (Bar No. 206336)
       HectorM@TheMMLawFirm.com
3  MARCO A. PALAU (Bar. No. 242340)
       MPalau@TheMMLawFirm.com
4  JOSEPH D. SUTTON (Bar No. 269951)
       JSutton@TheMMLawFirm.com
5  ERIC S. TRABUCCO (Bar No. 295473)
       ETrabucco@TheMMLawFirm.com
6  MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
7  Oakland, California 94612-3547
   Telephone: (510) 832-9999
8  Facsimile: (510) 832-1101

9  MARIO MARTÍNEZ, (Bar No. 200721)
   MARTÍNEZ AGUILASOCHO & LYNCH, APLC
10 P.O. Box 11208
   Bakersfield, California. 93389-1208
11 Telephone: (661) 859-1174
   Facsimile: (661) 840-6154

12 Attorneys for Plaintiff

13

14                    UNITED STATES DISTRICT COURT

15                    EASTERN DISTRICT OF CALIFORNIA

16

17 CARMELA MORA, on behalf of herself and all        Case No.
   others similarly situated,
18                                                    CLASS ACTION
                    Plaintiffs,
19                                                    COMPLAINT FOR:
                vs.
20                                                    1. Violation of the Agricultural Workers
   CAL WEST AG SERVICES, INC., JON                       Protection Act, 29 USC § 1801 *et seq.*
21 MARTHEDAL, ERIC MARTHEDAL; and Does               2. Failure to Pay Minimum Wages
   1 through 20, inclusive,                           3. Failure to Provide Timely and
22                                                       Complete Rest Periods or Pay
                    Defendants.                           Additional Wages in Lieu Thereof
23                                                    4. Failure to Pay Wages of Terminated or
                                                         Resigned Employees
24                                                    5. Knowing and Intentional Failure to
                                                         Comply with Itemized Employee Wage
25                                                       Statement Provisions
                                                      6. Violation of Unfair Competition Law
26                                                    7. PAGA - Labor Code § 2699 *et seq.*

27                                                          DEMAND FOR JURY TRIAL

28

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

1.     Plaintiff Carmela Mora ("Plaintiffs" or "Plaintiff") brings this action against Defendants Cal West Ag Services, Inc., Jon Marthedal, Eric Marthedal, and DOES 1-20 (collectively "Defendants"), individually and on behalf of all other similarly situated individuals employed under common circumstances and facts.  The allegations made in this Complaint are based on the knowledge of Plaintiff, except those allegations made on information and belief, which are based on the investigation of his counsel.

## I.   NATURE OF THE ACTION

2.     This is a wage and hour class action to vindicate the rights afforded employees by California labor law.  This action is brought by Plaintiff herself and on behalf of a Class of similarly situated individuals against Defendants Cal West Ag Services, Inc., Jon Marthedal, Eric Marthedal, and DOES 1 through 20, inclusive (hereinafter collectively referred to as "Defendants").  Plaintiff's California Private Attorney General Act, Labor Code §§ 2698 *et seq.* ("PAGA") claim is brought as an enforcement action on behalf of the state for penalties and other remedies on behalf of the State of California and current and former employees as expressly permitted by that statute.  All PAGA administrative requirements will have been met for this purpose prior to service of this complaint.

3.     This action revolves around the systematic failure by Defendants to pay California non-exempt employees, including Plaintiff and the Class, in conformance with California law. Defendants Cal West Ag Services, Inc., Jon Marthedal, Eric Marthedal (and some Does) have employed Plaintiff and the Class directly or as agents of one another and is referred to herein as "EMPLOYER DEFENDANTS."  Plaintiff alleges that Cal West Ag Services, Inc., Jon Marthedal, Eric Marthedal and some Does are "persons" who violated or caused to be violated California Labor Code § 558, § 1197.1, and IWC Wage Orders. As such, Defendants Cal West Ag Services, Inc., Jon Marthedal, Eric Marthedal and some Does are liable for penalties and wages which Plaintiff may seek through PAGA for themselves, current and former employees, and the State of California and are sued solely pursuant to PAGA.  Some Defendant Does and Defendants Cal West Ag Services, Inc., Jon Marthedal, Eric Marthedal are collectively hereinafter referred to as the

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

1

Class Action Complaint - Demand for Jury Trial                                    Case No.

"PAGA DEFENDANTS."

4.    The core violations Plaintiff alleges against the EMPLOYER DEFENDANTS are: (1) failure to pay all minimum wages owed; (2) failure to pay all overtime wages owed; (3) failure to provide timely and complete meal periods, and/or provide appropriate compensation in lieu thereof; and (4) failure to provide timely, complete, and paid rest periods, and/or provide appropriate compensation in lieu thereof.

5.    EMPLOYER DEFENDANTS have refused to pay the wages due and owed to Plaintiff and Class members under the express provisions of the California Labor Code, which in turn has resulted in additional Labor Code violations entitling Plaintiff and the Class to prompt payment of wages and penalties.  The PAGA DEFENDANTS caused the violations at issue and benefitted financially and/or professionally from these violations.

6.    As a result of the violations alleged herein, all Defendants are subject to PAGA penalties, which Plaintiff seeks in this lawsuit for himself, EMPLOYER DEFENDANTS' current and former employees, and the State of California.  Plaintiff is an aggrieved employees within the meaning of Labor Code §§ 2698 *et seq.* and has complied with the pre-filing requirements of PAGA. The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 will be satisfied by written notice by certified mail to all Defendants and to the Labor and Workforce Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein. The waiting time period will have elapsed prior to service of this complaint.

7.    Plaintiff, for himself and the Class, also seeks injunctive relief requiring each Defendant to comply with all applicable California labor laws and regulations in the future and preventing the EMPLOYER DEFENDANTS from engaging in and continuing to engage in unlawful and unfair business practices.  Plaintiff also seeks declaratory relief enumerating Defendants' violations so that the Defendants and the general public will have clarity and guidance with regards to Defendants' future employment practices.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

2

Class Action Complaint - Demand for Jury Trial                                    *Case No.*

## II.  JURISDICTION AND VENUE

### JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 et seq.

9.     This Court has supplemental jurisdiction over the California state law and contract claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

10.     This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

11.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which the defendants reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

### INTRADISTRICT ASSIGNMENT

12.     This case is properly assigned to the Fresno Division of this Court because the action arose in Fresno County, California.  Local Rule 120(d).

## III.  PARTIES

### *Plaintiff*

13.     Plaintiff Carmela Mora is a resident of Fresno County, California.  At relevant times herein, she has been employed directly or jointly by Defendants Cal West Ag Services, Inc., Jon Marthedal, Eric Marthedal, and Does as an employee on land owned, leased, and/or operated by Defendants Cal West Ag Services, Inc., Jon Marthedal, Eric Marthedal, and Does in and around Fresno County, California, and has been employed by Defendants as a non-exempt employee. Plaintiff Mora was hired by Defendants to work within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Mora worked for Defendants within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through approximately 2015, at agreed-upon piece rates that varied over her period of employment. Mora

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

1   has suffered injury in fact and loss of property as a result of Defendants' conduct described in this

2   Complaint.

3       14.     Plaintiff and the employees whom Plaintiff seeks to represent were regularly

4   subjected to, or had personal knowledge of, the violations described in this Complaint.

5

6                                    *Defendant*

7       15.     The following allegations as to DEFENDANTS are made on information and belief,

8   and are likely to have evidentiary support after a reasonable opportunity for further investigation or

9   discovery.

10      16.     At all times relevant, Cal West Ag Services, Inc. ("Cal West"), a California

11   corporation, conducted and conducts business in Fresno County.  At all times relevant, Cal West

12   owned, controlled, or operated a business or establishment that employed persons within the

13   meaning of Industrial Welfare Commission Order No. 14, 8 Cal. Code of Regs. § 11140, Industrial

14   Welfare Commission Order No. 13, 8 Cal. Code of Regs. § 11130, and/or Industrial Welfare

15   Commission Order No. 8, 8 Cal. Code of Regs. § 11180, and operated as a direct or joint employer

16   of Class members in this case.  During all relevant times alleged herein, Cal West employed

17   Plaintiff and similarly situated persons as non-exempt employees, and committed in California and

18   in this District the acts and/or caused the violations complained of herein.

19      17.     At all times relevant, Jon Marthedal, an individual, conducted and conducts

20   business in Fresno County.  At all times relevant, Jon Marthedal owned, controlled, or operated a

21   business or establishment that employed persons within the meaning of Industrial Welfare

22   Commission Order No. 14, 8 Cal. Code of Regs. § 11140, Industrial Welfare Commission Order

23   No. 13, 8 Cal. Code of Regs. § 11130, and/or Industrial Welfare Commission Order No. 8, 8 Cal.

24   Code of Regs. § 11180, and operated as a direct or joint employer of Class members in this case.

25   During all relevant times alleged herein, Jon Marthedal employed Plaintiff and similarly situated

26   persons as non-exempt employees, and committed in California and in this District the acts and/or

27   caused the violations complained of herein.

28      18.     At all times relevant, Eric Marthedal, an individual, conducted and conducts

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

4

business in Fresno County.  At all times relevant, Eric Marthedal owned, controlled, or operated a business or establishment that employed persons within the meaning of Industrial Welfare Commission Order No. 14, 8 Cal. Code of Regs. § 11140, Industrial Welfare Commission Order No. 13, 8 Cal. Code of Regs. § 11130, and/or Industrial Welfare Commission Order No. 8, 8 Cal. Code of Regs. § 11180, and operated as a direct or joint employer of Class members in this case. During all relevant times alleged herein, Eric Marthedal employed Plaintiff and similarly situated persons as non-exempt employees, and committed in California and in this District the acts and/or caused the violations complained of herein.

19.     Defendants Cal West Ag Services, Inc., Jon Marthedal, Eric Marthedal, and Does are sued as a joint employer of Plaintiff.  Plaintiffs will amend this action 30 days after providing notice to Defendant pursuant to California Labor Code to establish liability against Cal West Ag Services, Inc., Jon Marthedal, and Eric Marthedal pursuant to Labor Code § 2810.3 which provides a statutory obligation for growers to pay owed wages of employees of their FLCS.

20.     Defendants are joint employers of Plaintiff and the class.

21.     Plaintiff is informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants including Does, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  "Defendants" herein means each of the defendants as well as all of them.

IV.  **FACTUAL BACKGROUND**

22.     This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and California Business and Professions Code § 17200 *et seq.*  This action is brought on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt agricultural and packing shed employees employed, or formerly employed, by each of the Defendants within the State of California.  The action seeks recovery for wages, compensation, and other relief due and owing to Plaintiffs and the

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

5

Class Action Complaint - Demand for Jury Trial                    *Case No.*

Plaintiff Class members under federal and California laws for the maximum period allowed to the present (the "Class Period"), all as set out below.

23.     The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has characterized the labor system in much of the agricultural industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices.  The Defendants herein include some of the largest growers of grapes, a seasonal crop.  The unlawful practices and policies alleged are widespread and entrenched in the industry.  The practices of the industry are uniform, or nearly uniform among many of the major grape growers, at least in part due to grower organizations that spread improper employment practices.  The following paragraphs detail specific violations of law comprising the wage-related claims applicable to employees that Plaintiff seeks to represent on a class and PAGA basis.

24.     For at least four years prior to the filing of this action and through to the present, Defendants and their subsidiaries, parents, or affiliate companies have maintained and enforced unlawful labor policies against employees that revolve around Defendants' piece rate system of compensation, their meal and rest break practices, and their record-keeping procedures.

25.     Under the piece rate policy, Defendants fail to compensate for all "hours worked" (within the meaning of the Wage Orders) and fail to pay overtime premium wages for work performed in the fields. This includes, but is not limited to, regular hours worked that were not compensated at minimum or agreed upon rates, uncompensated or undercompensated time spent on statutory rest breaks, work meetings, and other  activities. By their conduct, Defendants make clear that they are intentionally and maliciously subverting California's minimum wage requirements, resulting in Plaintiff and the Class loss of property that occur as a result of Defendants' payroll policies.

26.     Under the rest break policies, Defendants fail to provide employees: (a) at least two (2) rest breaks for shifts greater than six hours, and/or three (3) rest breaks for shifts greater than ten hours, (b) net ten minute rest breaks, (c) timely rest breaks, and (d) paid rest breaks. Further, Defendants' policy is to not pay the premium wages owed to workers for missed, untimely and unpaid rest breaks. Finally, Defendants had a policy of discouraging and preventing employees

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

6

Class Action Complaint - Demand for Jury Trial                              *Case No.*

1  from taking rest breaks.

2      27.    Under the record-keeping policies, Defendants willfully provide inaccurate itemized

3  wage statements that do not reflect all "hours worked," wages earned and applicable pay rates.

4  Defendants also fail to maintain accurate time-keeping records.

5      28.    Plaintiff, on behalf of himself and all other non-exempt employees employed by, or

6  formerly employed by Defendants (hereinafter referred to as "Class Members"), brings this action

7  pursuant to California Labor Code §§ 201, 202, 203, 204, 205.5, 214, 216, 218, 218.6, 221, 226,

8  226.7, 512, 1174, 1194, 1194.2, 1197, 1199, and Business & Professions Code §§ 17200 *et seq.* (as

9  well as the derivative penalty provisions pursuant to PAGA) seeking unpaid and underpaid wages,

10  unpaid rest period compensation, statutory penalties, liquidated damages, declaratory, injunctive

11  and other equitable relief, reasonable attorneys' fees and costs of suit, injunctive relief, declaratory

12  relief, restitution, and disgorgement of all profits or benefits retained by Defendants as a result of

13  their failure to comply with the above laws.  Plaintiff has followed the procedural requirements

14  detailed in Labor Code § 2698 *et seq.* and, therefore, also seeks civil penalties (including unpaid

15  wages) on behalf of himself, the State of California, and all current and former employees).

16      29.    Plaintiffs, on behalf of themselves and all Class Members, pursuant to AWPA, 29

17  U.S.C. § 1801 *et seq.*, seek declaratory relief, statutory damages, actual damages, interest, and

18  injunctive relief.

19      30.    Plaintiff alleges that the Employer Defendants (including some Does), and each of

20  them, are employers with respect to any Plaintiff or Class Members.

21      31.    On information and belief, Defendants were on notice of the improprieties alleged

22  herein by their employees, Plaintiff and the Class she seeks to represent, and intentionally refused

23  to rectify their unlawful policies.

24      32.    Defendants' failure to compensate non-exempt employees for all "hours worked,"

25  failure to authorize and permit requisite meal and rest periods and paid rest periods, failure to pay

26  premium meal and rest period wages, failure to pay for all hours worked at the regular rate or

27  required overtime premium rate, and failure to pay wages at termination, in addition to the other

28  violations alleged above, during all relevant times herein was willful and deliberate.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

7

Class Action Complaint - Demand for Jury Trial                  *Case No.*

33.     Defendants have made it difficult to account with precision for the unlawfully withheld wages due to Defendants' non-exempt employees, including Plaintiff, during all relevant times herein, because they have not implemented an adequate record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

34.     Defendants have failed to comply with California Labor Code § 226(a) by failing to itemize in wage statements all wages earned and by failing to accurately report total hours worked by Plaintiff and the members of the proposed class.  Plaintiff and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

## V.   **CLASS ACTION ALLEGATIONS**

35.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent the following "Classes," composed of, and defined, as follows:

> All persons who are or have been employed by DEFENDANTS or DOES in the State of California at any time within four (4) years of the filing of the Initial Complaint in this action.

36.     Plaintiff may amend the above class definitions as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.  **Numerosity**

37.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have employed dozens of agricultural and packing shed employees in the State of California and who are, or have been, affected by Defendants' unlawful practices as alleged herein.

38.     Upon information and belief, Plaintiff alleges that Defendants' employment records

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

8

Class Action Complaint - Demand for Jury Trial                                    *Case No.*

would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

### B.  Commonality

39.    There are questions of law and fact common to the Classes predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.    Whether Defendants violated California Labor Code and applicable wage orders by not properly compensating Class members, including Plaintiff, for all hours worked;

b.    Whether Defendants violated California Labor Code and applicable wage orders by compensating Class members, including Plaintiff, at piece rates below the applicable minimum and overtime premium wage rates;

c.    Whether Defendants violated California Labor Code and applicable wage orders by (i) failing to provide Class members, including Plaintiff, paid daily rest breaks at the rate of one rest period for shifts between 3.5 and 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, three rest breaks for shifts greater than 10 hours up to 14 hours, and so on, (ii) failing to schedule paid rest breaks on either side of the meal break for shifts greater than six hours up to 10 hours, (iii) failing to authorize and permit *paid* rest breaks to employees while working "off the clock", (iv) failing to compensate employees an additional hour of pay in lieu of rest breaks, in violation of California law and public policy, and (v) discouraging and preventing employees from taking rest breaks;

e.    Whether Defendants violated California Labor Code and applicable wage orders by failing to, among other violations, maintain accurate records of employees' earned wages and work periods, properly itemize in wage statements all hours worked and wages earned, and accurately maintain records pertaining to Plaintiff and the Class he seeks to represent;

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

9

f.      Whether Defendants violated California Labor Code and applicable wage orders by failing to pay all earned wages and/or premium wages due and owing at the time that Plaintiff's or any Class member's employment with Defendants terminated;

g.      Whether Defendants violated § 17200 *et seq.* of the California Business and Professions Code by unlawfully deducting wages, or failing to pay wages to non-exempt employees and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at wage rates below the minimum and premium overtime wage and converting same to Defendants' own use; failing to provide proper meal periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to provide paid proper rest periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to pay wages and compensation for denied rest periods due and owing at the time a Class Member's employment with Defendants terminated; and failing to keep accurate records causing injury to employees;

h.      Whether Defendants violated AWPA as a result of the Labor Code and applicable wage order violations described above and in this Complaint;

i.      Whether Defendants violated § 17200 *et seq.* of the Business and Professions Code by violating the fundamental public policy underlying the California Labor Code and applicable wage orders;

j.      Whether Plaintiff and the Class Members are entitled to declaratory, injunctive and other equitable relief pursuant to Business and Professions Code § 17200, *et seq.*

k.      Whether Plaintiff and the Class Members are entitled to damages, restitution, statutory penalties, declaratory, injunctive and declaratory relief,

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

10

Class Action Complaint - Demand for Jury Trial                                        *Case No.*

1    attorney's fees and costs, and other relief pursuant to the California Labor

2    Code, the applicable wage orders, and Business and Professions Code

3    § 17200, *et seq.*

### C.  Typicality

4

5    40.    The claims of the named Plaintiff are typical of the claims of the Classes.  Plaintiff

6    and all members of the Classes sustained injuries and damages arising out of and caused by

7    Defendants' common course of conduct in violation of California laws, regulations, and statutes as

8    alleged herein.

### D.  Adequacy of Representation

9

10   41.    Plaintiff will fairly and adequately represent and protect the interests of the

11   members of the Classes.  Counsel who represent Plaintiff are competent and experienced in

12   litigating large employment class actions.

### E.  Superiority of Class Action

13

14   42.    A class action is superior to other available means for the fair and efficient

15   adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

16   questions of law and fact common to the Class predominate over any questions affecting only

17   individual members of the Classes.  Each member of the proposed Classes has been damaged and

18   is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to

19   compensate Class Members for all wages earned and engaging in the unlawful practices herein

20   complained of, and denying Class Members rest and meal periods without legal compensation.

21   43.    Class action treatment will allow those similarly situated persons to litigate their

22   claims in the manner that is most efficient and economical for the parties and the judicial system.

23   It is unlikely that individual class members have any interest in individually controlling separate

24   actions in this case.  Class members' lack of knowledge of the legal system and limited economic

25   resources would deprive most class members of the practical opportunity to pursue their claims

26   were this class action not certified.

27   44.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

28   management of this action that would preclude its maintenance as a class action.  The benefits of

**MALLISON &
MARTINEZ**
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint - Demand for Jury Trial                              *Case No.*

maintaining this action on a class basis far outweigh any administrative burden in managing the class action.  Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### VIOLATION OF AWPA
(29 USC § 1801 *ET SEQ.*)

(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

45.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

46.     Defendants intentionally violated Plaintiffs' and the Class Members' rights under AWPA by:

      a.     providing false and misleading information regarding the terms and conditions of employment of Plaintiffs, in violation of 29 U.S.C. § 1831(e);

      b.     violating the terms of the working arrangement made with Plaintiffs in California, in violation of 29 U.S.C. § 1832(c); these working arrangements are contained in the IWC Wage Orders which are required to be and, actually are posted and communicated by Defendants to Plaintiffs as required by the IWC Wage Orders;

      c.     failing to pay wages when due for unpaid regular and overtime hours worked, for missed or non-compliant meal and rest periods in violation of 29 U.S.C. § 1832(a).

      d.     failing to provide workers with accurate itemized written statements which include the correct number of hours worked; the correct total pay period earnings; and the correct net pay, in violation of 29 U.S.C. § 1831(c).

47.     Plaintiffs allege that Defendants communicated the terms of employment with the Class by posting IWC Wage Orders on the job site which enumerated specific obligations of the employer with regard to working conditions required by state law, and in particular with regard to:

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

12

the payment of minimum wages; payment of overtime premium wages; recording keeping requirements; provision of meal periods; provision of rest periods; and application of penalties. The Defendants also communicated a regular and overtime wage rate to employees in a variety of ways.  This regular and overtime wage rate was not complied with due to the underpayments described in this complaint.  These terms constituted the communicated working arrangement with these employees, which was systemically violated.

48.     For each violation of AWPA, each Class Member is  entitled to recover his or her actual damages or up to $500 per violation in statutory damages.  29 U.S.C. § 1854.

49.     WHEREFORE, Plaintiff and the Class request relief as described herein and below.

## SECOND CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGES
### (CAL. LABOR CODE §§1194, 1194.2, 510, 1197, WAGE ORDERS 8, 13, AND 14)

### (AGAINST EMPLOYER DEFENDANTS)

50.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

51.     California Labor Code §1197, entitled "Pay of Less Than Minimum Wage," states:

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

52.     The applicable minimum wage fixed by the commission for agricultural workers (Wage Orders 8, 13 & 14) was set at $8.00 per hour for all hours worked effective January 1, 2008, but has been amended. The minimum wage has been raised to $9.00 per hour, effective July 1, 2014 and will rise to $10.00 on January 1, 2016.

53.     The Defendants failed to pay minimum wages for "all hours worked." In particular, Plaintiff and the Class were required to work "off the clock" by, for example, arriving early for set up, driving to and from work sites during shifts, and work at hourly wage or piece rates below minimum wage, or uncompensated work while doing piece rate work.

54.     As a result of Defendants' violations of the minimum wage, by failing to record and pay minimum wage for all hours worked, Defendants violated California Labor Code § 226(a), inaccurately stating gross wages earned, total hours work, deductions, net wages and other issues

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

1   as described above.

2       55.    Defendants have the ability to pay minimum wages for all time worked but have

3   willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness

4   to Plaintiffs and the Class for all hours worked, and intending to annoy harass, oppress, hinder

5   delay or defraud Plaintiffs and the Class, in violation of California Labor Code § 226.6.

6       56.    California Labor Code § 226.6 states:

7         Any employer who knowingly and intentionally violates the provisions of
Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other

8         person who has the control, receipt, custody, or disposal of, or pays, the
wages due any employee, and who knowingly and intentionally participates

9         or aids in the violation of any provision of Section 226 or 226.2 is guilty of a
misdemeanor and, upon conviction thereof, shall be fined not more than one

10        thousand dollars ($1,000) or be imprisoned not to exceed one year, or both,
at the discretion of the court.  That fine or imprisonment, or both, shall be in

11        addition to any other penalty provided by law.

12      57.    Defendants' violation of § 226 also constitutes a misdemeanor, pursuant to §226.6,

13  a predicate violation of California Business & Profession Code §§ 17200 *et seq.*, and a predicate

14  violation of Labor Code §2699.

15      58.    The Minimum Wage provisions of California Labor Code are enforceable by

16  private civil action pursuant to California Labor Code § 1194(a), which states:

17        Notwithstanding any agreement to work for a lesser wage, any employee
receiving less than the legal minimum wage or the legal overtime

18        compensation applicable to the employee is entitled to recover in a civil
action the unpaid balance of the full amount of this minimum wage or

19        overtime compensation, including interest thereon, reasonable attorney's
fees and costs of suit.

20  As such, Plaintiff and the Class may bring this action for minimum wages, interest, costs of suit

21  and attorney's fees pursuant to California Labor Code § 1194(a).

22      59.    As described in California Labor Code § 1194.2, any such action incorporates the

23  applicable wage order of the California Labor Commission.  California Labor Code § 1194.2

24  states:

25        In any action under Section 1194 … to recover wages because of the
payment of a wage less than the minimum wages fixed by an order of the

26        commission, an employee shall be entitled to recover liquidated damages in
an amount equal to the wages unlawfully unpaid and interest thereon.

27

28      60.    As described herein, this is an action under California Labor Code § 1194 to recover

**MALLISON &
MARTINEZ**
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

14

Class Action Complaint - Demand for Jury Trial          *Case No.*

wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders, including IWC Orders 8, 13, and 14. Therefore, Plaintiff and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

61.     WHEREFORE, Plaintiff and the Class request relief as described herein and below.

### THIRD CLAIM FOR RELIEF

### FAILURE TO PROVIDE PROPER TIMELY PAID REST PERIODS OR COMPENSATION IN LIEU THEREOF
### (CAL. LABOR CODE §§226.7, 512, WAGE ORDERS 8, 13, AND 14)

### (AGAINST EMPLOYER DEFENDANTS)

62.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

63.     Plaintiff alleges that the Class Members were not provided full statutory ten minute rest periods while in the employ of Defendants.

64.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

65.     The applicable IWC Wage Orders state in regard to rest breaks:

(A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

A similar provision is contained in Labor Code § 512.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

66.     Employees are entitled to at least one rest break for shifts from 3.5 to 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, and three rest breaks for shifts greater than 10 hours. For normal shifts the first rest break must occur before the meal break and the second rest break after the meal break, unless other factors render such schedule impracticable.

67.     Defendants violated the applicable Wage Order and California Labor Code § 226.7 by failing to authorize and permit the appropriate number of rest breaks, failing to provide net ten minute rest breaks, failing to schedule rest breaks timely, failing to authorize and permit paid rest breaks and failing to pay additional rest break wages, and discouraging and preventing employees from taking rest breaks. On information and belief, it was not impracticable for Defendants to schedule rest breaks appropriately.

68.     On information and belief, Plaintiff and the Class Members they seek to represent did not voluntarily or willfully waive rest periods.  Any express or implied waivers obtained from Plaintiff and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful adhesion.  On information and belief, during the meal and rest period liability period, Defendants did not permit or authorize Plaintiff and Class Members to take proper timely paid rest periods.

69.     By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest period compensation due Plaintiffs and Class Members.

70.     As a result of the unlawful acts of Defendants' actions, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

71.     WHEREFORE, Plaintiff and the Class request relief as described herein and below.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

16

Class Action Complaint - Demand for Jury Trial                    Case No.

# FOURTH CLAIM FOR RELIEF

## FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION
### (CAL. LABOR CODE §§201, 202, 203)

### (AGAINST EMPLOYER DEFENDANTS)

72.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

73.     California Labor Code Section 201 states:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

74.     California Labor Code Section 202(a) states:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. . . .

75.     As described above, Defendants failed to timely pay Plaintiff and the Class Members all of their wages due for work performed and this failure continued through the time in which Plaintiffs and Class Members quit or were discharged from their employment with Defendants.  As a result, Defendants have violated California Labor Codes §§ 201 and 202.

76.     California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

77.     The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code § 17200.  Defendants violated California Labor Code §§ 201 and 202 by failing to pay employees who quit or were discharged all of the wages due

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

pursuant to the timelines provided in those sections.  Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, Plaintiff is entitled to thirty (30) days' wages including overtime.

78.     Plaintiffs and the Class they seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates below the minimum wage, and other owed wages but to date have not received such compensation therefore entitling them to Labor Code § 203 penalties.

79.     More than thirty (30) days have passed since affected Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code § 203.  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiffs and certain Class Members who are no longer employed by Defendants are entitled to thirty (30) days' wages as a penalty under Labor Code § 203 for failure to pay legal wages, together with interest thereon and attorneys' fees and costs.

80.     WHEREFORE, Plaintiff and the Class request relief as described herein and below.

**FIFTH CLAIM FOR RELIEF**

**KNOWING AND INTENTIONAL FAILURE TO COMPLY
WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**
(CAL. LABOR CODE §§226(B), 1174, 1175)

(AGAINST EMPLOYER DEFENDANTS)

81.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

82.     California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

(1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . .(5) net wages earned, . . .

83.     Defendants failed to provide "accurate itemized statements" to employees because

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

18

Class Action Complaint - Demand for Jury Trial                    Case No.

the wage statements:

    a.    Falsely understated Plaintiffs' and the Class Members' gross and net wages earned by failing to pay for all hours worked and for premium wages;

    b.    Falsely understated the total hours worked by Plaintiffs and the Class Members by ignoring the total of hours actually worked;

    c.    Falsely understated Plaintiffs' and Class Members' "number of hours worked at each hourly rate";

    d.    Failed to provide accurate applicable piece rate information;

    e.    Failed to provide correct employer name and information.

84.    California Labor Code §§ 226(e) and (g) provide for the remedy for the violations described above:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

85.    In addition, Section 1174(d) of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendants have created a uniform practice of knowingly and intentionally failing to fully comply with Labor Code § 1174.  Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

86.    By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and Class Members and are

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

19

Class Action Complaint - Demand for Jury Trial    *Case No.*

entitled up to $4,000.00 per Class Member.

87.   WHEREFORE, Plaintiff and the Class request relief as described herein and below.

### SIXTH CLAIM FOR RELIEF

### VIOLATION OF UNFAIR COMPETITION LAW
(CAL. BUS. & PROF. CODE §§17200 *ET SEQ.*)

(AGAINST EMPLOYER DEFENDANTS)

88.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

89.   As described above, Defendants have violated the following California laws and all others referred to implicitly or expressly in this complaint:

    a.   violation of California Labor Code § 201 (relating to the failure to pay wages upon discharge);

    b.   violation of California Labor Code § 202 (relating to the failure to pay wages upon quitting);

    c.   violation of California Labor Code § 203 (relating to the failure to pay wages upon termination of employment);

    d.   violation of California Labor Code § 205.5 (relating to the failure to pay all wages owing twice during each calendar month);

    e.   violation of California Labor Code § 206 (relating to the failure to pay uncontested wages);

    f.   violation of California Labor Code § 226 (relating to providing correct wage statements and keeping correct records);

    g.   violation of California Labor Code § 226.7 (relating to proper compliance with rest and meal period requirements and the failure to pay premium wages when the rest and meal break requirements are not met);

    h.   violation of California Labor Code § 510 (relating to the failure to compensate at the regular rate "all hours worked," and at the rate of no less than one and one-half times the regular rate of pay for all work in excess of ten hours in one workday and any work in excess of 60 hours in any workweek);

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint - Demand for Jury Trial                    *Case No.*

i.   violation of California Labor Code § 1194 (relating to failure to pay minimum and/or overtime wages for all hours worked);

j.   violation of California Labor Code § 1194.2 (relating to liquidated damages for failure to pay minimum wages for all hour worked);

k.   violation of California Labor Code § 1197 (relating to failure to pay at least the minimum wage for all hours worked); and

l.   violation of the Agricultural Workers Protection Act, 29 U.S.C. 1801 *et seq.*

90.   Defendants' activities also constitute unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because Defendant's practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiff, the public, and the Classes.

91.   Plaintiff and Class Members are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

92.   As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff, and the Classes they seek to represent.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff and the members of the Plaintiff Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  Plaintiff is informed and believe, and thereon allege, that Defendants are unjustly enriched through their requiring employees to suffer Defendants' failure to pay legal wages, and/or other compensation for untimely and/or incomplete meal periods, and compensation for unprovided, untimely, and/or unpaid rest periods to Plaintiff and members of the Plaintiff Class.  Plaintiff is informed and believe, and thereon allege, that Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' unfair trade practices.

93.   As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff and Class Members as a result of the business acts

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint - Demand for Jury Trial                                    *Case No.*

and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

94.     The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiff allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require Defendants' non-exempt employees to work "off the clock" without compensation, will continue to require non-exempt employees to work during meal periods, will continue to fail to provide proper paid rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

95.     Plaintiff further request that the Court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiff and the Classes they seek to represent to work "off the clock" without compensation, prohibiting other wrongful conduct which is the subject of this Complaint and which may later be discovered in the course of litigation, enjoining Defendants from forbidding employees to leave the workplace during meal periods, and from continuing to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

96.     WHEREFORE, Plaintiff and the Class request relief as described herein and below.

## SEVENTH CLAIM FOR RELIEF

### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT
(CAL. LABOR CODE §§2698 *ET SEQ.*)

### (AGAINST ALL DEFENDANTS)

97.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

98.     Plaintiff brings this claim for themselves and other current and former employees, as expressly authorized by the California Private Attorneys General Act of 2004, Labor Code §§ 2699 *et seq.* ("PAGA").  PAGA is an enforcement action that empowers an aggrieved employee to seek penalties on behalf of himself, current and former employees and the State, without the need to certify a class. For purposes of this claim only, therefore, Plaintiff brings this claim for himself and other current and former employees and need not comply with Class Action Certification.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint - Demand for Jury Trial                                    *Case No.*

99.     Plaintiff is an aggrieved employee as defined in Labor Code §2699(a).  He brings this cause on behalf of themselves and other current or former aggrieved employees affected by the labor law violations alleged in this Complaint.

100.     The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been initiated by written notice by certified mail to all Defendants and to the Labor and Workforce Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein. The waiting requirements will be completed prior to service of the complaint.

101.     Plaintiff seeks civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that any violation alleged herein does not carry a penalty, Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for Plaintiff, other current or former employees and the State for each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699.

102.     Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

103.     Plaintiffs seek civil penalties due from all Defendants on behalf of themselves, other aggrieved employees and the State, as provided by Labor Code § 2699(i), including but not limited to, penalties and unpaid wages due pursuant to Labor Code § 558 and § 1197.1 as a result of DEFENDANTS' violation of the provisions of the Labor Code and Wage Orders 8.

104.     Defendants are liable as employers or persons acting on behalf of the employer(s) pursuant to Labor Code § 558. Each Defendant, including PAGA Defendants, created, authorized, implemented and/or enforced the practices that violate the law and/or caused the violations complained of herein. Defendants are therefore liable for penalties and wages pursuant to Labor Code § 558.

105.     All Defendants are liable to Plaintiff and  "other current or former employees and the state" for the civil penalties arising from the violations alleged in this Complaint.  Plaintiffs are

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

23

Class Action Complaint - Demand for Jury Trial                                    Case No.

1    also entitled to an award of attorneys' fees and costs as set forth below.

2         106.    Most of the predicate act violations which serve as the basis for this PAGA claim

3    (minimum wage and overtime violations, rest and meal period violations, reporting time violations,

4    and failure to compensate for all "hours worked") relate to the non-payment of wages or violations

5    of the IWC Wage Orders that were posted at the worksite.  As such, these claims also constitute

6    predicate violations of the payment of wages when due and "working arrangement" provisions of

7    AWPA.

8         107.    Plaintiffs are aggrieved by Defendants labor and payroll practices that:

9         a.    fail to compensate for all "hours worked";

10        b.    fail to compensate minimum and premium wages;

11        c.    fail to provide timely and/or complete meal breaks, or premium wages in lieu

12             thereof;

13        d.    fail to provide timely and/or complete rest breaks, and/or paid rest breaks, or

14             premium wages in lieu thereof;

15        e.    fail to provide accurate wage statements or to maintain accurate time and payroll

16             records;

17        f.    fail to pay all wages due at termination or promptly following resignation;

18        108.    Plaintiffs, on behalf of themselves and similarly situated employees and former

19   employees of Defendants, request relief as described below.

20        109.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

21   described herein and below.

22

23   **VII.   <u>PRAYER</u>**

24        WHEREFORE, Plaintiff and the Class pray for judgment as follows:

25        1.    That the Court determine that this action may be maintained as a class action or

26   actions;

27        2.    For compensatory damages including wages in an amount according to proof with

28   interest thereon;

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

24

Class Action Complaint - Demand for Jury Trial                    *Case No.*

3.     For economic and/or special damages in an amount according to proof with interest thereon;

4.     For a declaratory judgment that each of the Defendants violated the Plaintiffs' and Class Members' rights under AWPA, 29 U.S.C. § 1801 *et seq*., the California Labor Code, and applicable IWC Wage Orders as set forth in the preceding paragraphs;

5.     Award each Plaintiff and proposed Class Member statutory damages or, in the alternative, actual damages for Defendants' violations of AWPA;

6.     That each of the Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code § 17200 *et seq*.;

7.     That each of the Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

8.     That each of the Defendants be enjoined from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

9.     For declaratory relief for Defendants' violation of the California Labor Code, California Business and Professions Code, and the Federal AWPA;

10.     That Defendants be enjoined from further acts of restraint of trade or unfair competition;

11.     For premium wages pursuant to Labor Code §§ 226, 226.7 and 510;

12.     For unpaid wages pursuant to California Labor Code § 1194 and liquidated damages pursuant to Labor Code §1194.2;

13.     For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 203, 210, 225.5, 226, 226.3, 226.7, 256, 512, 558, 1174.5, 1194, 1194.2, 1197.1, 2699(a) and 2699(f) relating to all facts alleged in the complaint;

14.     An award to Plaintiffs and the Class Members of reasonable attorneys' fees, costs, and interest thereon pursuant to Code of Civil Procedure § 1021.5, Labor Code §§218.5, 218.6,

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint - Demand for Jury Trial                                    *Case No.*

226, 1194, 2699(g), and/or other applicable law; and

15.     For the greater of actual or statutory damages of $500 for each Plaintiff pursuant to AWPA;

16.     For penalties and all available relief available under the PAGA statute, Cal. Labor Code §§ 2698 *et seq.*;

17.     For costs of suit and attorneys fees pursuant to PAGA;

18.     For penalties and all available relief under Labor Code §558;

19.     For actual, incidental, and consequential damages for breach of contract;

20.     For such other and further relief as the Court deems just and proper.

21.     Injunctive relief;

22.     Interest pursuant to California Labor Code §218.6

## VIII.   <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated:  September 30, 2015                           **MALLISON & MARTINEZ**

By:   /S/ Stan Mallison

Stan S. Mallison
Hector R. Martinez
Marco A. Palau
Joseph D. Sutton
Eric S. Trabucco
Attorneys for Plaintiffs

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

26

Class Action Complaint - Demand for Jury Trial                    *Case No.*