Raimondo & Associates
Anthony Raimondo, #200387
  *apr@raimondoassociates.com*
Gerardo V. Hernandez, #292809
  *gvh@raimondoassociates.com*
Jasmine Shams, #287410
  *js@raimondoassociates.com*
7080 N. Marks Avenue, Suite 117
Fresno, California 93711
Telephone:      (559) 432-3000
Facsimile:      (559) 432-2242

Attorney for Defendant CAL WEST AG
SERVICES, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELA MORA, INDIVIDUALLY AND ON BEHALF AND ALL OTHERS SIMILARLY SITUATED AND THE STATE OF CALIFORNIA<br><br>Plaintiffs,<br><br>v.<br><br>CAL WEST AG SERVICES, INC., JON MARTHEDAL AND ERIC MARTHEDAL, AND DOES 1 THROUGH 20<br><br>       Defendants.. | Case No. 1:15-cv-01490-EPG<br><br>**STIPULATED PROTECTIVE ORDER** |

Defendant CAL WEST AG SERVICES, INC. ("Defendant") and Plaintiff CARMELA MORA ("Plaintiff"), by their counsel and subject to the approval of the Court, hereby agree to the following Order regarding the protection of confidential information

IT IS HEREBY AGREED THAT:

Each party to this proceeding, to any mediation between the Parties, or any subsequent appeals and anyone else who may subscribe to this Agreed Protective Order ("Order") agree as follows:

Defendant believes that the discovery, prosecution and defense of this action may require the disclosure of certain confidential information relating to purported class members, Plaintiff and Defendant. Plaintiff and Defendant (hereinafter referred to as "the Parties") desire to litigate this

action without jeopardizing any party's interest in the privacy and confidentiality of any such information and without litigation regarding these issues.  This Order shall not apply to any information regarding Defendant's business ownership, financial condition, tax returns, assets and liabilities, trade secrets, proprietary business information, or any similar materials. Defendant reserves the right to challenge discovery of such information.

1.      Any party that produces information that it reasonably believes to be Confidential as provided by California or Federal laws, regulations or rules of court may, at the time of production, designate such information as "Confidential," and the information so designated shall thereafter be subject to the provisions of this Order. The protection of this Order may be invoked by any party with respect to confidential information relating to the Plaintiff and other current and former employees of Defendant, whether (a) conveyed by or contained in a document produced or (b) stated in an answer to an interrogatory or request for admission or (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding or (d) disclosed pursuant to a voluntary agreement among counsel or (e) disclosed in the furtherance of or during the course of mediation between the Parties. In the case of documents, each page that is to be produced under this Order shall be separately marked "CONFIDENTIAL." In the case of voluminous payroll and personnel records, the producing party may collectively designate such records as Confidential, but such designation shall apply only to information described in a cover letter. In the event of any dispute over the scope of the designation, the parties shall meet and confer before presenting the dispute to the court for resolution. This provision is without prejudice to the right of either party to move for a determination from the Court that information thus designated is not Confidential. The Parties agree to meet and confer over disputes about whether or not information is Confidential before making such a motion to the Court.

2.      Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating Party to sanctions pursuant to a noticed motion. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.     Any information designated "Confidential" pursuant to paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the Parties and their officers and management employees, outside counsel assisting in or responsible for this proceeding and members of the legal, paralegal, secretarial and clerical staff of such counsel, other persons assisting counsel with these proceedings, counsel retained by witnesses, any mediator, the Court, jury members, persons employed as consultants for each party, experts and/or witnesses on an as needed basis only

4.     All Confidential Material shall be used only for the purpose of the proceedings in this case, including mediation, trial, hearings and any appeals, and not in any other lawsuit, claim or cause of action or for any other purposes whatsoever unless ordered by a court of competent jurisdiction

5.     All persons, except the Parties, their officers and management employees, their in-house and outside counsel, and members of the legal, paralegal, secretarial and clerical staff of such counsel, who are permitted access to Confidential Material shall be informed of its confidentiality as provided in this Order, and shall be required to sign an acknowledgment (attached as Exhibit A) agreeing to be bound by the non-disclosure provisions of this Order. All persons who are permitted access to the Confidential Material shall be bound by the terms of this Order.

6.     Any Confidential Material filed with the Court shall be filed pursuant to and consistent with the Court's rules and procedures governing the filing of private and confidential information. A determination as to when and what special procedures, if any, are necessary for handling "Confidential" documents and information subject to this Order at trial shall be deferred until a trial date has been set in this case. The Parties shall take all steps reasonably required to protect against misuse or disclosure of such Confidential Material.

RAIMONDO & ASSOCIATES
7080 N. Marks Avenue
Suite 117
FRESNO, CA 93711

7.      Unless otherwise ordered or agreed in writing by the Defendant, within 60 days after final termination of this action, Plaintiff shall destroy all copies of Defendant's designated confidential information. Plaintiff shall certify such destruction in writing under penalty of perjury upon request.

8.      This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any particular document or information (including restrictions differing from those as specified herein), or as to any other types of documents or information not encompassed by this Order, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

9.      Nothing in this Order shall affect the admissibility of any documents or other evidence at trial or hearing in this action. The application of this Order to any information shall not be considered an admission or in any way relevant to the questions of whether such information is or is not discoverable or admissible.

10.     Nothing in this order shall be construed as a waiver by Defendant of any affirmative defense or argument. Nothing in this order shall be construed as a waiver of any theory of liability by Plaintiff.

11.     The undersigned counsel for the Parties agree on behalf of their respective firms, agencies, and clients to the terms set forth herein, and consent to the form and entry of this Order.

12.     The United State District Court Eastern District of California retains jurisdiction to alter or amend this Order by further order upon a showing of good cause. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "Confidential" information.

///

///

///

///

///

1  Dated:  July 22, 2016                          RAIMONDO & ASSOCIATES

2

3
                                         By:_____/s/ Gerardo Hernandez_____
4                                                    Anthony Raimondo
                                                    Gerardo V. Hernandez
5                                          Attorneys for CAL WEST AG SERVICES, INC.

6

7  Dated:  July 20, 2016                          MALLISON & MARTINEZ

8

9
                                         By:_____/s/ Stan Mallison_____
10                                                     Stan Mallison
                                                     Marco A. Palau
11                                                    Joseph Sutton
                                           Attorneys for Plaintiff CARMELA MORA
12

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**Order**

The Court has reviewed the above stipulation and adopts it except that the terms related to judicial intervention outlined in paragraph 1 will not be automatic; rather, the Court will determine on a case-by-case basis whether judicial intervention is warranted.  In order to file a motion under this paragraph, counsel must receive permission from the Court following an informal telephone conference.  A party wishing to schedule such a conference should contact chambers at (559) 499-5962 to receive available dates.  The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.  Before contacting the Court, the parties must meet and confer by speaking with each other in person or over the telephone in an attempt to resolve the dispute independently without Court involvement.

Prior to the conference, the Court will require the parties to submit letter briefs of no more than 3 pages in length to chambers for review.  Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time.  Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute.  If no resolution is reached, the Court will consider whether the filing of a formal motion is appropriate.

IT IS SO ORDERED.

Dated:   **July 25, 2016**                        /s/ _Erica P. Grosjean_
                                         UNITED STATES MAGISTRATE JUDGE

RAIMONDO & ASSOCIATES
7080 N. Marks Avenue
Suite 117
FRESNO, CA 93711