<pre>
1
2
3                          UNITED STATES DISTRICT COURT
4
                         FOR THE EASTERN DISTRICT OF CALIFORNIA
5
</pre>

| | |
|---|---|
| CARMELA MORA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAL WEST AG SERVICES, INC., et al.,<br><br>Defendants. | 1:15-cv-01490-LJO-EPG<br><br>**ORDER REQUESTING SUPPLEMENTAL INFORMATION RE MOTION FOR PRELIMINARY APPROVAL** |

Plaintiff filed this case against Defendants on September 30, 2015, alleging class action claims and claims brought pursuant to the California Labor Code Private Attorney General Act ("PAGA"), Cal. Lab. Code §§ 2698-2699.5. ECF No. 1. On April 6, 2018, the parties filed a motion for preliminary approval for class action settlement. ECF No. 71. Magistrate Judge Erica P. Grosjean issued Findings and Recommendations ("F&Rs") recommending that the settlement agreement be granted preliminary approval, subject to certain modifications of the notices provided to class members, and no party filed objections. ECF No. 80.

Despite the lack of objections, the Court has an independent duty to review settlement agreements in class actions and PAGA cases. Fed. R. Civ. P. 23(e); *Ficalora v. Lockheed Cal. Co.*, 751 F.2d 995, 996 (9th Cir. 1985); Cal. Lab. Code § 2699(l)(2). The Court is concerned about the settlement of the PAGA claims. The settlement agreement purports to settle the PAGA claims, which Plaintiff indicates have a verdict value of at least $1 million, ECF No. 71-2 ¶ 35, for the sum of $5,000, while the entire case is valued at $1.2 million. ECF No. 71-3 at 6; Settlement Agreement III(C)(3). This outcome

suggests that the PAGA claims are being "used merely as a bargaining chip." *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1134 (N.D. Cal. 2016). This is potentially problematic unless the settlement otherwise serves the interests PAGA was designed to protect. *Id*. Neither the F&Rs nor the parties' papers address directly this issue.

The Court therefore requests that (1) the parties provide proof that the settlement agreement has been submitted to the California Labor and Workforce Development Agency ("LWDA") as required by California Labor Code § 2699(l)(2), and (2) obtain a statement of position from the LWDA regarding the settlement outcome. In addition, the parties may submit a joint brief, not to exceed five (5) pages in length addressing how the settlement satisfies the concerns discussed in *O'Connor*. Once it receives proof that the settlement agreement has been submitted to the LWDA and a statement of the LWDA's position, the Court will endeavor to rule on the approval motion within three business days.

IT IS SO ORDERED.

Dated: **July 26, 2018**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE