# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

1:15-cv-1490 LJO EPG

| | |
|---|---|
| CARMELA MORA, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAL WEST AG SERVICES, INC., et al.,<br><br>Defendants. | ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE PACKAGE, APPROVAL OF PLAINTIFFS' PAYMENTS, APPOINTMENT OF CLASS COUNSEL AND SETTLEMENT ADMINISTRATOR, AND SETTING OF FINAL APPROVAL HEARING<br><br>(ECF No. 71) |

Pending before the Court is Plaintiff Carmela Mora's Motion for Preliminary Approval of Class Settlement, Conditional Certification of Settlement Class, Approval of Class Notice Package, Approval of Class Notice Package, Approval of Plaintiffs' Payments, Appointment of Class Counsel and Settlement Administrator, and Setting of Final Approval Hearing ("Motion for Preliminary Approval") (ECF No. 71). On June 27, 2018, Magistrate Judge Erica P. Grosjean issued Findings and Recommendations, recommending that Plaintiff's motion be granted, subject to the Court's findings and recommendations set forth therein, including a recommendation that the settling parties be required to revise the Notice of Class Action

1

Settlement and the Claim Form. ECF No. 80. The Findings and Recommendations were served on the parties with instructions that any objections must be filed within fourteen days of service of the order. To date, no objections have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this Court conducted a *de novo* review of the case. The Court determined that there were serious questions remaining as to the adequacy of the sum assigned to the California Labor and Workforce Development Agency ("LWDA") to settle claims under the California Labor Code Private Attorney General Act ("PAGA"). The Court therefore instructed the parties to obtain a statement of position from the LWDA, and permitted additional briefing on the issue. ECF No. 81. The parties filed a joint response on August 17, 2018, indicating that the LWDA had not received the statutorily required PAGA notice, and the parties could not provide the requested position statement. ECF No. 83 at 3. The parties also stated that this failure to exhaust administrative remedies before the LWDA created a substantial risk to continued litigation, and that the settlement amount of $5,000 is adequate considering the risk. *Id*. at 2. Having carefully reviewed the entire file, including the additional joint filing, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The proposed class is conditionally certified under Rule 23(c)(1), for purposes of settlement only, as the proposed class satisfies the requirements of Rule 23(a) as well as the requirements for certification under one of the subsections of Rule 23(b), including that:

 a. The class is so numerous that joinder of all members is impracticable;

 b. There are questions of law and fact common to the class;

 c. The claims or defenses of the representative party are typical of the claims or defenses of the class; and

---

[1] The Court expresses no opinion as to whether this settlement agreement has any effect on whether the LWDA may independently pursue an enforcement action for the violations alleged here. While a judgment on a PAGA claim would ordinarily bind and have collateral estoppel effect as to the LWDA, *Arias v. Superior Ct.*, 46 Cal. 4th 969, 986 (2009), it is not clear that this settlement has the same effect, particularly as the PAGA claims here are unexhausted and Plaintiff was therefore not authorized to bring those claims. *See Eubank v. Terminix Int'l, Inc.*, Case No.: 15-cv-0145-WQH-JMA, 2018 WL 2215288, at *5 (S.D. Cal. May 15, 2018) (declining to approve settlement purporting to release claims for which the plaintiff was not authorized to commence a PAGA action).

d. The representative party will fairly and adequately protect the interests of the class.

2. The following persons are preliminarily certified as Class Members solely for the purpose of entering a settlement in this matter:

> All Cal West Ag Service Inc.'s non-exempt workers who were employed by and/or performed work for Defendants Jon and Eric Marthedal as agricultural workers at Marthedal Farms in California between September 30, 2011 and [the date of preliminary approval].

3. The Settlement Agreement, ECF No. 71-3, is granted preliminary approval as it falls within the range of possible approval as fair, adequate, and reasonable, and appears to be the product of arm's length and informed negotiations and to treat all Class Members fairly.

4. A final approval hearing on the question of whether the Settlement, attorneys' fees and costs to class counsel, and the class representative service payment should be finally approved as fair, reasonable, and adequate shall be held as set forth below.

5. The form and content of the Notice of Class Action Settlement, ECF No. 71-4, as revised in a May 3, 2018, filing, ECF No. 76, including the Claim Form, ECF No. 71-4 at 10-12, and the Opt-Out Form, ECF No 71-4 at 13, (collectively the "Notice"), are approved conditioned on the settling parties making the following modifications to the Notice:

   a. Provide an additional statement in the Notice of Class Action Settlement that clearly conveys to Class Members that Defendant Cal West Ag is not participating in the Settlement and that claims against Cal West Ag are not released under the Settlement.

   b. Revise the objection provision of the Notice of Class Action Settlement to include an explanation that a Class Member may raise objections at the final approval hearing, but that the Court retains discretion to decline to consider any objection that has not been timely submitted in writing.

   c. Revise the "Signature and Confirmation of Consent to Jurisdiction" portion of the Claim Form, ECF No. 71-4 at 11, to fix what appears to be a typographical

error regarding the court to which the Class Member consents to jurisdiction.

6. The settling parties are directed to file a second revised proposed Notice incorporating the above modifications within fourteen (14) days of the date of this Order.

7. The procedures for Class Members to be notified of, participate in, opt-out of, and object to the settlement, as set forth in the Settlement, ECF No. 71-3 at 8-12, with the above modifications to the Notice, are approved.

8. The Court directs the mailing of the Notice by first class mail to the Class Members in accordance with the procedures set forth in the Settlement Agreement, ECF No. 71-3, with the above modifications to the Notice.

9. The Court approves the procedures for distributing the Notice to Class Members, with the above modifications to the Notice, as meeting the requirements of due process, providing the best notice practicable under the circumstances, and constituting due and sufficient notice to Class Members of the terms of the Settlement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement, their right to receive a Settlement Share or elect not to participate in the Settlement and the processes for doing so, and the date and location of the final settlement approval hearing.

10. Class Members shall receive a Settlement Share if, not later than forty-five (45) days after the mailing of the Notice, they submit a completed and timely Claim Form under the procedures set forth in the Notice, and unless they submit a valid and timely Election Not to Participate in Settlement (Opt-Out Form).

11. Any Class Member who elects not to participate in the Settlement has until forty-five (45) days after the mailing of the Notice to submit her or his Election Not to Participate in Settlement (Opt-Out Form) under the procedures set forth in the Notice.

12. Simpluris is appointed to act as the Settlement Administrator, under the terms set forth in the Settlement Agreement.

13. Carmela Mora is appointed as the Class Representative.

14. Mallison & Martinez is appointed as Class Counsel.

15. The Notice, with the above modifications, shall be distributed to Class Members in

accordance with the procedures set forth in the Settlement Agreement, ECF No. 71-3. Proof of distribution of the Notice is to be filed by the parties in conjunction with the motion for an order granting final approval of the Settlement.

16. A final approval hearing shall be held on **October 19, 2018, at 10:00 AM** in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean, to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider any request, made by separate motion, by plaintiffs and Class Counsel for Class Representative payments, and for Class Counsel fees and expenses payment. Class Members and their counsel may support or oppose the Settlement and the motion for awards of Class Representative payments and Class Counsel fees and expenses payment, if they so desire and as set forth in the Notice.

17. The motion for final approval of class action settlement shall be filed twenty-eight (28) days in advance of the final approval hearing, in accordance with Local Rule 230.

18. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

19. Not later than fourteen (14) calendar days before the deadline for objection or exclusion, Plaintiffs shall file a motion for approval of their Class Counsels attorneys' fees and costs. The motion for Class Counsel attorneys' fees and costs shall be heard concurrently with the motion for final approval on October 19, 2018.

IT IS SO ORDERED.

Dated: **August 22, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE