# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELA MORA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAL WEST AG SERVICES, INC., JON MARTHEDAL, and ERIC MARTHEDAL,<br><br>Defendants. | Case No.: 1:15-cv-01490-LJO-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND ENTERING FINAL JUDGMENT<br><br>(ECF No. 88, 100) |

Plaintiff filed this case, individually and on behalf of all others similarly situated, against defendants Cal West Ag Services, Inc., Jon Marthedal, and Eric Marthedal, alleging wage and hour claims, including violations of the Agricultural Worker Protection Act ("AWPA") (29 U.S.C. § 1801, et seq.); Failure to Pay Minimum Wages (Cal. Labor Code §§ 1194(a), 1194.2, 1197; California Industrial Welfare Commission ("IWC") Wage Orders 8, 13, 14); Failure to Provide Timely Paid Rest Periods or Compensation in Lieu Thereof (Cal. Labor Code §§ 226.7, 512; IWC Wage Orders 8, 13, 14); Failure to Timely Pay Wages Due at Termination (Cal. Labor Code §§ 201, 202, 203); Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Cal. Labor Code §§ 229(B), 1174, 1175); Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.); and Enforcement of the

1

Private Attorney General Act ("PAGA") (Cal. Labor Code §§ 2698-2699.5). (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 29, 2019, the magistrate judge held a final fairness hearing on the proposed class action settlement of this case. (ECF No. 97; *see* ECF No. 88.) On May 13, 2019, the magistrate judge entered findings and recommendations recommending final approval of the proposed class action settlement with modifications to the proposed distributions. (ECF No. 100.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one days. (*Id.*) No objections have been filed and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Accordingly,

IT IS ORDERED that the magistrate judge's findings and recommendations entered May 13, 2019 (ECF No. 100) are ADOPTED in full. Pursuant to those findings and recommendations (ECF No. 100):

1. The court finds the requirements of Federal Rule of Civil Procedure 23 have been satisfied and grants final approval to the following class for purposes of the settlement: All Cal West AG Service Inc.'s non-exempt workers who were employed by and/or performed work for Defendants Jon and Eric Marthedal as agricultural workers at Marthedal Farms in California between September 30, 2011 and August 22, 2018.

2. The Court finds the class notice, as revised pursuant to court order, fully, fairly, and accurately described the proposed Settlement and informed class members of all material elements of the proposed Settlement and of their opportunity to object, opt out, or comment thereon; provided class members adequate instructions and a variety of means to obtain additional information; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all class members; and complied fully with the laws of the State of

California, the United States Constitution, and due process.

3. The Court finds that class members were given a full and fair opportunity to participate in the final approval hearing; all class members and other persons wishing to be heard have been heard; and all class members who did not timely and properly opt out are bound by the Settlement and this order.

4. The Court finds all relevant factors for determining the fairness of the Settlement have been considered and all such factors weigh in favor of granting final approval. In particular, the Settlement was reached following meaningful discovery, investigation, and analysis conducted by Plaintiffs' counsel; the Settlement is the result of serious, informed, adversarial, and arm's length negotiations between the parties; and the terms of the Settlement are in all respects fair, adequate, and reasonable, with the following modifications: litigation costs in the amount of $9,613; and a Plaintiff service award in the amount of $4,000.

5. In so finding, consideration has been given to all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; the experience and views of Plaintiffs' counsel; and the absence of objection to the Settlement.

6. Accordingly, the Settlement as set forth in the Settlement Agreement and modified herein is approved; the Settlement, as modified, is in all respects, fair, reasonable, adequate, and in the best interests of the entire settlement class; and the parties are directed to implement all remaining terms, conditions, and provisions of the Settlement Agreement, as modified.

7. The court further finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided as part of the Settlement in light of the challenges posed by continued litigation, the court finds that the Settlement confers significant relief on participating class members.

8. The court finds that settlement shares to be paid to the class members who timely submitted valid claim forms, as provided for by the Settlement Agreement and modified herein,

are fair and reasonable; and grants final approval to and orders the payment of those amounts out of the net settlement amount to class members who timely submitted valid claim forms, in accordance with the terms of the Settlement Agreement, as modified herein.

9. The court finds the $5,000 payment to the California Labor and Workforce Development Agency to be fair and reasonable, grants final approval for that payment, and orders that amount be paid out of the total settlement amount in accordance with the terms of the Settlement, as modified herein.

10. The court finds that the fees and expenses in administering the Settlement, in the amount of $10,000 is fair and reasonable, grants final approval for those fees and expenses, and orders that amount be paid out of the total settlement amount in accordance with the terms of the Settlement, as modified herein.

11. The Court finds that a Plaintiff service award in the amount of $4,000 is fair and reasonable, grants final approval for a $4,000 service award, and orders that amount be paid out of the total settlement amount in accordance with the terms of the Settlement, as modified herein.

12. The Court finds that litigation costs in the amount of $9,612.49 and attorneys' fees in the amount of $61,661.00 are fair and reasonable, and grants final approval for and orders that these amounts be paid out of the total settlement amount in accordance with the Settlement Agreement, as modified herein.

13. Without affecting the finality of the Court's order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Court's order and the Settlement Agreement, as modified herein.

14. Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement Agreement or under this order, including the requirement that payments be made to class members in accordance with the Settlement Agreement, as modified herein.

15. The Court directs the settlement administrator to provide, upon completion of administration of the Settlement, written certification of such completion to the Court and

counsel for the parties.

16. The parties are to comply with the terms of the Settlement Agreement, as modified herein.

17. This order constitutes a final judgment (and a separate document constituting the judgment) for purposes of Federal Rule of Civil Procedure 58.

18. The parties are to bear their own costs and attorneys' fees except as otherwise provided by this order.

19. The Clerk of Court is directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: __**August 8, 2019**__ _____/s/ Lawrence J. O'Neill_____
UNITED STATES CHIEF DISTRICT JUDGE